UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JON SABIN,

                                        Plaintiff,

v.                                                         7:12-CV-1519
                                                         (GTS/TWD)

JASON ARTHURS, JOHN DORMAN, GILLIAN
DORMAN, DORRIE O'MEARA individually and as
principal of O'MEARA LAW FIRM,
JULIE HUTCHISON, individually and as
CHELSEA HUTCHISON FOUNDATION, INC.,
AMANDA WHITE, JOSEPH BERARDELLI,
CAITLIN HOWELL, JEFFREY HOWELL AND
GLENN CURRY, in his individual capacity
and as an employee of WATN 1240 and
COMMUNITY BROADCASTERS, LLC.,

                                         Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

JON SABIN
Plaintiff *Pro Se*
P.O. Box 530
South Colton, New York 13687

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     The Clerk has sent this *pro se* Complaint together with an application to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1 and 2.) Alleging diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiff's Complaint purports to assert claims sounding in defamation (libel and slander) and tortious interference with business relationships against numerous defendants.

(*See generally* Dkt. No. 1.) The Court finds that Plaintiff is entitled to proceed *in forma pauperis*. However, for the reasons discussed below, the Court recommends that Plaintiff's Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and Federal Rule of Civil Procedure 12(h)(3), with leave to amend.

## I.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

## II.  LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, " the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not

frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).

## II.    SUBJECT MATTER JURISDICTION

The jurisdiction of the federal courts is limited. A plaintiff must establish that the court has subject matter jurisdiction. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 542 (E.D.N.Y. 1999). If a court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. Federal Rule of Civil Procedure 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff has alleged that he is a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). (Dkt. No. 1 at § 11.) However, he has also alleged that Defendants Glenn Curry and WATN 1240 are citizens of the State of New York.

Federal diversity jurisdiction under 28 U.S.C. § 1332(a) is available only when there is complete diversity – when each plaintiff's citizenship is different from the citizenship of each defendant. *See Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004), *cert. denied*, 544 U.S. 949 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Inasmuch

3

as Plaintiff is a citizen of New York State and Defendants Curry and WATN 1240 are alleged to be citizens of New York State as well, there is no subject matter jurisdiction under 28 U.S.C. § 1332(a), even though all of the other Defendants are alleged to be citizens of states other than New York. (Dkt. No. 1 at §§ 13, 15-20.) Furthermore, because defamation (libel and slander) and tortious interference with business relationship claims are state law torts, there is no federal question jurisdiction under 28 U.S.C. § 1331.[1] *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (defamation is an issue of state law); *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 712 (S.D.N.Y. 2012) (identifying tortious interference with contract and economic advantage claims as state law claims). Because of the absence of subject matter jurisdiction, I recommend the *sua sponte* dismissal of Plaintiff's Complaint. However, I recommend that Plaintiff be granted leave to serve an amended complaint stating a proper basis for the Court's jurisdiction.

**ACCORDING**, it is hereby

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff's Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and Federal Rule of Civil Procedure 12(h)(3); and it is further

**RECOMMENDED**, that Plaintiff be granted leave to serve an amended complaint

---

[1] 28 U.S.C. 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the absence of diversity jurisdiction, "it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974), *superceded by statute on other grounds*.

stating a proper basis for the Court's jurisdiction; and it is further

**RECOMMENDED**, that in the event Plaintiff is authorized to, and thereafter files a timely amended complaint, all of Plaintiff's claims against the Defendants named therein are to be included in the amended complaint, with the amended complaint becoming the operative pleading in the case.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72.

Dated: October 31, 2012
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge